UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AXIS REINSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 05-2712 |
| | c/w 06-7539 |
| BRENT MELANCON | SECTION: "K"(5) |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Summary Judgment (Rec.Doc.No. 24) brought in an action for declaratory judgment against Defendant Brent Melancon ("Melancon").[1] Plaintiff Axis Reinsurance Company ("Axis Reinsurance") seeks a declaration that it is not responsible for indemnity coverage to Melancon for damage sustained to his boat. *See* Compl., at ¶ 1 (Rec.Doc.No. 1). After reviewing the pleadings, memoranda, and relevant law the Court finds that there exists a genuine issue of material fact, and therefore, denies Plaintiff's motion for

---

[1] *Axis Reinsurance Co. v. Brent Melancon*, No. 06-7539 (E.D. La. filed Oct. 10, 2006) was consolidated with *Axis Reinsurance Co. v. Brent Melancon*, No. 05-2712 (E.D. La. filed June 30, 2006), by the Court on November 16, 2006. *See* Consolidation Order (Rec.Doc.No. 38); *see also* Amended Consolidation Order (entered on December 19, 2006).

1

the reasons assigned below.

## I. BACKGROUND

This dispute centers around a policy of insurance issued by Plaintiff Axis Reinsurance to Defendant Melancon, and whether there exists coverage under the policy for damage sustained to the boat in an accident that occurred on or about June 18, 2005. Defendant avers that the accident occurred on Lake Maurepas, when the vessel allegedly struck a submerged object. *See* Countercl., at ¶ 15 (Rec.Doc.No. 6).

Plaintiff filed the instant action seeking a declaration by the Court that Defendant is not entitled to proceeds under the insurance policy because the accident was not a covered event. *See* Mot. Summ. J., at p. 1 (Rec.Doc.No. 24). Defendant subsequently filed a Counterclaim (Rec.Doc.No. 6) seeking a declaration that coverage exists under the policy and that damages be assessed against Axis Reinsurance as well as a Third Party Complaint (Rec.Doc.No. 18) against the insurance agent, Charter Lakes Insurance ("Charter Lakes"), who sold him the policy. *See* Countercl., at ¶ 22 (Rec.Doc.No. 6)

The motion before the Court is Plaintiff's Motion for Summary Judgment seeking a declaration by the Court that coverage does not exist under the policy for the accident and a dismissal of Melancon's Counterclaim. Mot. Summ. J., at p. 7 (Rec.Doc.No. 24).

The disputed policy provision reads as follows:

> This endorsement modifies the insurance provided by your policy as

> identified above. Please read it carefully.
>
> In consideration of the premium charged, the following is added to Part B. General Provisions And Exclusions:
>
>> There is no coverage under this policy for any loss sustained or damage resulting from any racing or speed contest.
>>
>> There is no coverage under this policy for any loss or damage when the horsepower or insured craft exceeds 940.

Mot. Summ. J., Exhibit 1, at p. 4 (Rec.Doc.No. 24).

The term "Horsepower" is defined in the policy as "that amount stated by the manufacturer as peak-developed horsepower as measure at the flywheel." *Id.*, Exhibit 1, at p. 6. Plaintiff maintains that the actual horsepower of the boat, having twin engines each with a horsepower of 575, totaled 1,150. *Id.*, Exhibit 2, at p. 6.

Defendant Melancon contends that he is entitled to proceeds under the policy for damage sustained to his boat because 1) he is covered under the policy; 2) he did not deceive Axis Reinsurance about the horsepower of the boat, and thus, Axis Reinsurance is estopped from relying on the horsepower limitation by virtue of La. R.S. 22:619; 3) the vessel was not being operated at or near top speed, and the horsepower did not contribute or cause the accident; 4) he relied upon to his detriment to the coverage afforded by the policy; and/or 5) that Axis Reinsurance was unjustly enriched by selling a policy which provided absolutely no coverage or benefit to Melancon. Countcl., at ¶¶ 16-20 (Rec.Doc.No. 6).

## II. LEGAL STANDARD

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed. R. Civ. P. 56(e). Rather, the non-movant must come forward with "specific facts" that establish an issue for trial. *Id*.

When deciding a motion for summary judgment, the Court must avoid a "trial on the affidavits." *Anderson*, 477 U.S. at 255. "Credibility determinations, the weighing of the

evidence, and the drawing of legitimate inferences from the facts" are tasks for the trier-of-fact. *Id*. To that end, the Court must resolve disputes over material facts in the non-movant's favor. "The party opposing a motion for summary judgment, with evidence competent under Rule 56, is to be believed." *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

### III. ANALYSIS

The issue before the Court is whether or not there is a genuine issue of material fact as to coverage under the Axis Reinsurance policy for the damage sustained to Defendant Melancon's boat during an accident. Specifically, the Court must determine whether coverage is precluded by virtue of the 940 horsepower limitation in the policy.

**A.     Application of Louisiana Law**

In the instant matter, there is a threshold dispute as to whether Louisiana law applies to the interpretation of disputed provisions of the Axis Reinsurance policy. Generally, federal common law governs maritime disputes; however, in some circumstances "state law occasionally can be sued to supplement or even supersede maritime law." *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882, 886 (5th Cir. 1991) (*citing Coastal Iron Works, Inc. v. Petty Ray Geophysical*, 783 F2d 577, 582 (5th Cir. 1986); *J. Ray McDermott & Co. v. The Vessel Morning Star*, 457 F.2d 815, 818 (5th Cir. (en banc), *cert. denied*, 409 U.S. 848, 93 S.Ct. 271, 34 L.Ed.2d

5

218 (1972).

With respect to the regulation of marine insurance contracts, there is a presumption that state law controls. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310 (1955). The Fifth Circuit has interpreted this rule as meaning that "[s]tate law, therefore, governs the interpretation of marine insurance policies unless an available federal maritime rule controls the disputed issue." *Anh Thi Kieu*, 927 F.2d 882, 886.

Moreover, the Honorable Judge Engelhardt has held that "Louisiana state law, La. R.S. 22:619, not the general maritime doctrine of *uberrimae fidei*,[2] controls the issue of whether a marine insurance policy is void by reason of an insured's alleged misrepresentation and/or failure to disclose material facts during the application process." *Felham Enterprises (Cayman) Ltd. v. Certain Underwriters at Lloyds*, 2005 WL 2050284, at *12 (E.D. La. Aug. 2, 2005) (*citing Albany Ins. Co. v. Anh Thi Kieu,* 927 F.2d 882, 886-90 (5th Cir. 1991) (applying Texas law); *see also North American Specialty Ins. Co. v. Parra,* 1996 WL 592744, *2-3 (E.D. La. Oct. 11, 1996) (Vance, J.) (applying Louisiana law); *Insurance Co. of North America v. West of England Shipowners Mut. Ins. Assn.,* 890 F.Supp. 1302, 1305-06 (E.D. La. Jul. 14, 1995) (Vance, J.) (same).

Following this precedent, the Court finds that Louisiana law applies to this dispute over the Axis Reinsurance marine insurance policy.

---

[2] *uberrimae fidei* is defined as utmost good faith. *Black's Law Dictionary* (8th ed. 2004).

**B.     Representation or Exclusion**

Applying Louisiana law, the question here is whether the horsepower limitation is a representation falling within the purview of La. R.S. 22:619 or whether it is an exclusion that is governed by general principles of Louisiana insurance law. The determination of this mixed question of fact and law ultimately decides the central question in this litigation, namely, the issue of coverage for the boat accident.

For exclusions in insurance policies, "[i]nsurance companies have the right to limit coverage in any manner they desire, so long as the limitations are not in conflict with statutory provisions or public policy and so long as the limitations are unambiguous and easily understandable. *Benton Casing Service, Inc. v. Avemco Ins. Co.*, 379 So.2d 225, 227 (La. 1979) (*citing Oceanonics, Inc. v. Petroleum Distributing Co.*, 292 So.2d 190 (La. 1974); *Muse v. Metropolitan Life Ins. Co.*, 103 La. 605, 192 So.2d 72 (1939)). Thus, the principle of freedom of contract generally governs the types of risks an insurer may exclude from coverage, unless such an exclusion is contrary to statutory law or is *contra bones mores*.

On the other hand, if the limitation was arrived at by virtue of a representation, the analysis of this dispute falls under the rubric of Louisiana's anti-technical statute. La. R.S. 22:619 provides in pertinent part:

> Except as otherwise provided in Subsection B of this Section and R.S. 22:692 and R.S. 692.1, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or void the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.

LA. REV. STAT. ANN. § 22:619(A) (2006).

As was articulated by the Louisiana Supreme Court, a

> representation is an oral or written statement by the insured made prior to the completion fo the insurance contract giving information as to some fact or state of facts with respect to the subject of the insurance, which is intended or necessary for the purpose of enabling the insurer to determine whether it will accept the risk, and at what premium.

*Benton*, 379 So.2d at 226 (*citing* 12 G. Appleman, Insurance Law and Practice, ss 7291-93, 7341-49 (1943); 7 G. Couch, Cyclopedia of Insurance, s 35:2-3, 5-13 (2d ed. R. Anderson 1961); 43 Am.Jur.2d, Insurance, s 734.

In *Benton*, the Louisiana Supreme Court analyzed the question of how to distinguish between a representation and an exclusion in the context of an airplane insurance policy in which there was a limitation as to who was allowed to pilot the plane. The *Benton* court held that the limitation was "in the nature of a warranty or representation by the insured that the only pilot who would be flying the aircraft would be declared to the insurer and that all pilots so declared would have required FAA certificates." *Benton*, 379 So.2d at 229. The court further held that because this was a representation, La.R.S. 22:619(A), which is an anti-technical statute, precluded the denial of coverage because the representation was not made with the intent to deceive. *Id.*, at 230.

The *Benton* court's determination of whether the coverage limitation was an exclusion or representation was a factually intensive inquiry. The Louisiana Supreme Court delved into the circumstances surrounding the negotiation of the insurance contract with particular focus on the details regarding who was to be allowed to pilot the plane. *Benton*, 379 So.2d at 235. The *Benton* court noted that the insurer required the names of the covered pilots, which limited the risk by ensuring that a qualified person was flying the plane as opposed to limiting the risk of the insurer

by simply decreasing the number of people who were allowed to fly the plane. *Id.*, at 236. Therefore, the court concluded that the failure to name an individual who possessed the requisite qualifications to pilot the plane was a misrepresentation not material to the risk covered because the representation was not made with the intent to deceive. *Id.*

Defendant Melancon offers evidence suggesting that the 940 horsepower limitation was arrived at by representations made by Melancon during negotiations of the insurance contract. Defendant alleges that he represented to Charter Lakes, his insurance agent, that the twin engines on the boat each had a horsepower of 500 for a total horsepower of 1000. *See* Opp. Mot. Summ. J., Exhibit A, at p. 3 (Rec.Doc.No. 29).

Furthermore, the deposition testimony of Mr. David Strauss, the President of Sullivan & Strauss Agency, Inc., which is the managing general agent for Plaintiff Axis Reinsurance, arguably supports this factual allegation. That is, Mr. Strauss admits that the horsepower limitation number is arrived at by filling in a blank field on the application for insurance. *See* Mot. Summ. J., Exhibit 9, at p. 57 (Rec.Doc.No. 24).

On the other hand, Axis Reinsurance argues that it does not cover boats whose horsepower exceeds 940. *Id.*, at pp. 57-58. Axis Reinsurance characterizes the issuance of the policy as a mistake of the underwriter as it was "in violation of the underwriting guidelines for the program as detailed by Mr. Strauss in his Declaration." *See* Reply, at p. 3 (Rec.Doc.No. 43). However, Charter Lakes contradicts this position introducing evidence that Axis Reinsurance issued a policy for a boat powered by twin 650 horsepower engines. *See* Opp. Mot. Summ. J., at p. 7 (Rec.Doc.No. 30).

In the instant motion, Plaintiff must show that there exists no genuine issue of material

fact as to whether there is coverage under the insurance policy for the boat accident. Plaintiff relies on a 940 horsepower limitation in the policy, which arguably is an exclusion. Defendant Melancon has offered evidence suggesting that the 940 horsepower limitation was arrived at by representation made by the insured, and that this representation was not made with the intent to deceive. Therefore, Defendant argues that coverage would be afforded to the insured by virtue of the protections provided in La. R.S. 22:619, despite the horsepower limitation. The Court finds that there exists a genuine issue of material fact as to whether the horsepower limitation is a representation or an exclusion, making the granting of summary judgment inappropriate at this time. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Rec.Doc.No. 24) is hereby **DENIED**.

New Orleans, Louisiana, on this __8th__ day of January, 2007.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**