**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AXIS REINSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-2712**<br>**c/w 06-7539** |
| **BRENT MELANCON** | **SECTION: "K"(5)** |

**ORDER AND REASONS**

Before the Court are two motions filed by Defendant Brent Melancon.[1] First, Defendant filed a Rule 12(b)(7) Motion for Failure to Join a Party under Rule 19 (Rec.Doc.No. 40), requesting that the Court either require the joinder of Tracy Sasich, or in the alternative, dismiss the case in its entirety. Second, Defendant filed a Rule 12(b)(1) Motion to Dismiss or Stay (Rec.Doc.No. 41), contending that the Court should abstain from exercising jurisdiction over this proceeding because of the pending state court suit.

Plaintiff concedes that Tracy Sasich is an indispensable party, and seeks the Court's leave to amend its Complaint. However, before addressing whether it would be appropriate to grant such leave, the Court will consider Defendant's Motion to Dismiss or Stay and determine

[1] Jurisdiction exists in this case under 28 U.S.C. § 1333 (maritime) and 28 U.S.C. § 1332 (diversity).

whether it is appropriate to exercise jurisdiction over this controversy given that there is a parallel state court proceeding over the same subject matter. After reviewing the pleadings, memoranda, and relevant law, the Court finds that Defendant's Motion to Dismiss or Stay has merit and hereby grants the motion for the reasons assigned below.

## I. BACKGROUND

This dispute centers around a policy of insurance issued by Plaintiff Axis Reinsurance, a foreign insurer, to Defendant Melancon, a Louisiana domiciliary, and whether there exists coverage under the policy for damage sustained to the boat in an accident that occurred on or about June 18, 2005.[2] Defendant avers that the accident occurred on Lake Maurepas,[3] when the vessel allegedly struck a submerged object. *See* Countercl., at ¶ 15 (Rec.Doc.No. 6).

Plaintiff filed the instant action seeking a declaration by the Court that Defendant is not entitled to proceeds under the insurance policy because the accident was not a covered event. *See* Mot. Summ. J., at p. 1 (Rec.Doc.No. 24). Defendant subsequently filed a Counterclaim (Rec.Doc.No. 6) seeking a declaration that coverage exists under the policy and that damages be assessed against Axis Reinsurance[4] as well as a Third Party Complaint (Rec.Doc.No. 18) against

[2] *Axis Reinsurance Co. v. Brent Melancon*, No. 06-7539 (E.D. La. filed Oct. 10, 2006) was consolidated with *Axis Reinsurance Co. v. Brent Melancon*, No. 05-2712 (E.D. La. filed June 30, 2006), by the Court on November 16, 2006. *See* Consolidation Order (Rec.Doc.No. 38); *see also* Amended Consolidation Order (entered on December 19, 2006). Unless otherwise indicated all document numbers herein refer to Civil Action No. 05-2712.

[3] Lake Maurepas is in the Eastern District of Louisiana making venue proper in this Court.

[4] *See* Countercl., at ¶ 22 (Rec.Doc.No. 6).

the insurance agent, Charter Lakes Insurance ("Charter Lakes"), who sold Defendant the policy.

The Counterclaim specifically requests that the Court enter judgment

> finding coverage by AXIS under the applicable policy and that this Court fix the amount of damages based upon the physical damage and loss occasioned to the vessel, loss of personal property, as well as any other amounts recoverable under the relevant insurance policy and applicable law;

Countercl., at ¶ 22 (Rec.Doc.No. 6).

Defendant now brings a Motion to Dismiss contending that under the standard set forth in *Brillhart v. Excess Ins. Co. of American*, 316 U.S. 491 (1942), this matter should be dismissed, or alternatively, stayed pending the disposition of the state court proceeding.[5] Specifically, Defendant argues that because Tracy Sasich,[6] one of the passengers aboard the boat during the accident, filed suit in a Louisiana state court in East Baton Rouge against Brent Melancon and Axis Reinsurance seeking recovery for personal injuries sustained during the accident, the *Brillhart* rule would require the Court to abstain from the exercise of jurisdiction over the instant litigation. *See* Mot. Dismiss, at p. 2 (Rec.Doc.No. 41).

Plaintiff, on the other hand, argues that the "exceptional circumstances" test under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), is applicable to this matter by virtue of the coercive relief sought in the Defendant's Counterclaim.

## II. ANALYSIS

[5] The state court suit was filed on August 8, 2006.

[6] Tracy Sasich is a domiciliary of Ascension Parish, which is in the Middle District of Louisiana.

The task before the Court is to first decide whether the test articulated in *Colorado River* or *Brillhart* applies to the instant matter, and second, to apply the appropriate standard to determine whether abstention is prudentially required. Specifically, the Court must inquire into whether a counterclaim seeking coercive relief would preclude the application of the *Brillhart* standard and require the application of *Colorado River*, though the principal action seeks only declaratory relief.

## A. The Applicable Abstention Doctrine – *Brillhart/Wilton* or *Colorado River*

Axis Reinsurance filed its first Complaint for Declaratory Judgment on June 30, 2005, seeking judgment that no coverage existed under its policy issued to Defendant for the June 18, 2005, boat accident. *See* Compl. (Rec.Doc.No. 1). Axis Reinsurance sought only a limitation of coverage for property damage in this Complaint. *Id*, at ¶ 10. Plaintiff also filed a second Complaint seeking a declaration that no coverage existed under the policy for personal injuries sustained by Tracy Sasich. *See* No. 06-7539, Compl., at ¶ IX (Rec.Doc.No. 1). Both of these complaints were filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.[7] The first

---

[7] With notable exceptions, the Declaratory Judgment Acts provides the following:

> any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (West 2006).

Complaint was filed on June 30, 2005, and the second on October 10, 2006. The state court petition was filed on August 8, 2006.

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371 (5th Cir. 1998)(*quoting Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). As such, "[i]t is well settled that the granting of a declaratory judgment rests in the sound discretion of the trial court exercised in [the] public interest." Wright, Miller, & Kane, *Federal Practice and Procedure*, Civil 3d § 2759; *see also Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 604 (5th Cir. 1983). The Supreme Court held that the Declaratory Judgment Act "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants [; therefore,]...a district court is authorized in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial..." *Wilton*, 515 U.S. at 288. Because the pending state and federal court proceedings present substantially the same set of legal and factual questions, or otherwise involve the same transaction or occurrence, there is a real potential that the district court's entertainment of the action might result in "gratuitous interference" with the state court action. This "gratuitous interference" is precisely what was cautioned against in *Brillhart/Wilton*. *See Wilton*, 515 U.S. at 283.

For the reasons discussed below, the Court finds that the use of the standard articulated in *Brillhart* and reaffirmed in *Wilton* is proper. Generally, when a party seeks both coercive and declaratory remedies, the appropriateness of abstention must be assessed according to the doctrine of *Colorado River*; however, "the only potential exception this general rule arises when

a party's request for [coercive] relief is either frivolous or is made solely to avoid application of the *Brillhart* standard." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000)(*citing PPG Indus. Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 679 (5th Cir. 1973)).

There is no question that Plaintiff here seeks only declaratory relief. However, as noted above, the Defendant has filed a Counterclaim which does seek coercive relief, which may invoke the *Colorado River* abstention standard.[8] To this Court's knowledge, this question has not been specifically addressed by the Fifth Circuit; however, the Court finds no indication that the assertion of coercive relief in a counterclaim would otherwise preclude the application of the *Brillhart* abstention standard.

The jurisprudence in this circuit suggests that in order to determine whether *Brillhart* or *Colorado River* is applicable, the Court need only look to whether there is non-frivolous coercive relief sought by the party plaintiff, regardless of whether such relief is sought by other parties. *See Trent v. National City Bank of* Indiana, 145 Fed. Appx. 896, 898 (5th Cir. 2005). *Essex Ins. Co. v. Bourbon Nite-Life L.L.C.*, 2006 WL 204563, at *3 (E.D. La. Feb. 9, 2006) (Duval, J.); *Primerica Life Ins. Co. v. Twyman*, 2002 WL 83750, at *2 (N.D. Tex. Jan. 14, 2002) (*citing Safety National Casualty Corp. v. Bristol-Myers Squibb Co.*, 214 F.3d 562, 564 (5th Cir. 2000). The above cited cases do not explicitly address whether the Court should consider coercive relief sought in a Defendant's counterclaim; however, the articulation of the *Brillhart/Wilton* standard clearly implies that the Court need only examine whether the Plaintiff's action seeks coercive relief or not. Thus, the Court finds that despite the coercive

---

[8] It is notably peculiar that Defendant filed its Counterclaim seeking coercive relief, and subsequently, sought dismissal of the action pursuant to *Brillhart*. There is little doubt that if Defendant sought dismissal *ab initio*, the relief would have likely been granted.

relief sought by Defendant Melancon in his Counterclaim, the appropriate standard to determine whether the Court must abstain from exercising jurisdiction over the proceeding is that standard set forth in *Brillhart*.

**B. The *Brillhart/Wilton* Abstention**

The *Brillhart/Wilton* standard instructs courts to consider whether the claims of all parties in interest can satisfactorily be adjudicated in a pending state court proceeding. *Wilton*, 515 U.S. at 283. Prior to the *Wilton* decision, in *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774 (5th Cir. 1993), the Fifth Circuit set forth several factors for a court to consider in deciding whether to abstain from exercising jurisdiction. These factors include, but are not limited to, 1) whether there is a pending state action in which all of the matters in controversy can be fully litigated; 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; 3) whether the plaintiff engaged in forum shopping brining this suit; 4) whether the possible inequities in allowing the declaratory judgment action plaintiff to gain precedence in time or to change forum exist; 5) whether the federal court is a convenient forum for the parties and for the witnesses; and 6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy. *Id.*, at 778.

Notably, whether there is a pending state action in which all the matters in the controversy can be fully litigated is of paramount concern. *See Amer. Fidelity Ins. Co. v. Acadian Geophysical Services, Inc.*, 1997 WL 786233 (E.D. La. Dec 18, 1997). “It is well recognized that unnecessary interference with state court litigation should be avoided.” Wright,

Miller & Kane, *Federal Practice and Procedure*, Civil 3d § 2758.

As to the first factor, there is currently pending a state court action brought by Tracy Sasich against Brent Melancon and Axis Reinsurance Company. *See* Mot. Supplement Record, at Exhibit A & B (Rec.Doc.No. 59). The subject of the litigation involves the claims for personal injuries of Sasich that were incurred during the June 18, 2005, boat accident. Also, named as defendant in the state court action is Axis Reinsurance Company as insurer for the Mr. Melancon's boat.[9] Plaintiff Axis Reinsurance claims in the instant motion that only the personal injury claims, and not the property damage claims, can be litigated in the state court action. *See* Opp. Mot. Dismiss, at. p. 6 (Rec.Doc.No. 39). As a co-defendant, Axis Reinsurance is fully afforded the right to bring a cross-claim seeking judgment on the issue of coverage for property damage, making its assertion here incorrect. Axis is claiming that there is no coverage for personal injury or property damage because of an alleged exclusion in the policy. The exclusion referenced is one that excludes both property and liability coverage when amount of horsepower on the boat's engines exceeds or is capable of exceeding 940 horsepower. Thus, the Court finds that because all matters in the controversy may be fully litigated in the state court proceeding, the Court would be warranted in abstaining from hearing this proceeding at this time.

As to the second factor, it is clear that a complaint filed under the Declaratory Judgment Act in anticipation of an imminent state court suit is exactly the type of legal enterprising the *Brillhart/Wilton* abstention was meant to prevent. The first declaratory action was filed on June

---

[9] Axis Reinsurance Company was incorrectly designated as ABC Insurance Company in the original state court Petition, and was properly named in the First Amending and Supplemental Petition. *See* Exhibit B, First Amending and Supplemental Petition (Rec.Doc.No. 59).

30, 2005, and the second on October 10, 2006, while the state court suit was filed August 8, 2006, in East Baton Rouge Parish. Axis Reinsurance certainly sought to establish the forum for the litigation as it knew Defendant would seek proceeds under the marine insurance policy for the accident.

The fact that the personal injury action in state court came before the second declaratory judgment action, though the second declaratory action involves the personal injury issue, does not affect the outcome here. Axis Reinsurance filed its first action in anticipation of litigation arising out of the accident. The fact that it did not know there was personal injury involved at the time of filing is irrelevant. Thus, the Court finds that the declaratory actions were filed prior to the state court action in anticipation of litigation, and thus, consideration of the second factor weighs substantially in favor of abstention.

Factors three through five do not weigh heavily in favor of either side; however, consideration of factor six weighs in favor of the Court's abstention. That is, exercising jurisdiction over this proceeding would result in piecemeal litigation of essentially the same controversy. Moreover, there is a real potential for allowing for inconsistent results and/or double recovery. That is, there is a real possibility that the state court could resolve the coverage question different from this Court.

The Court has already denied a motion for summary judgment (Rec.Doc.No. 24) filed by Axis Reinsurance who sought a judgment that there was no coverage under the policy by virtue of a horsepower limitation exclusion. *See* Order (Rec.Doc.No. 52). The Court found that there existed a question of fact as to whether the horsepower limitation was an exclusion or representation, which was a determination that ultimately would resolve the issue of coverage.

*Id.*, at p. 10. At first glance, the amount of judicial resources expended on this issue would seem to favor proceeding in this Court, especially since the trial date is scheduled for April 2, 2007. However, further deliberation makes it apparent that the Court should abstain here.

The mixed question of law and fact that was presented to the Court on a summary judgment motion has a bearing on both the property damage claims of Brent Melancon and the personal injury claims of Tracy Sasich. Tracy Sasich is an indispensable party, and she is currently not joined in this action. Her personal injury suit names as defendants both Brent Melancon and Axis Reinsurance, and her choice of forum is a state court in the East Baton Rouge Parish, which is in the Middle District of Louisiana. Forcing the personal injury plaintiff into this venue would be patently unfair, as she has exercised her right to assert her claims in state court. Moreover, East Baton Rouge Parish is in the Middle District of Louisiana, which means that even if Ms. Sasich's case was removed to federal court, it would not be here in the Eastern District.[10]

For these reasons, the Court finds that the exercise of jurisdiction here would result in a gratuitous interference with the state court proceeding; therefore, applying the standard set forth in *Brillhart/Wilton* will abstain from exercising jurisdiction over this matter. Accordingly,

---

[10] By virtue of the Savings and Suitors Clause and the lack of complete diversity among adverse parties, the state court proceeding cannot be removed to federal court, making the Court's abstention all the more appropriate here.

**IT IS ORDERED** that Defendant's Motion to Dismiss or Stay (Rec.Doc.No. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that these proceedings are hereby **STAYED** and **STATISTICALLY CLOSED** pending the resolution of the state court proceeding. When those proceedings are completed any party, if it chooses, may move the Court to reopen the case.

New Orleans, Louisiana, on this 26th day of January, 2007.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**